Tong v. Sessions

BIA
Hom, IJ
A205 240 661/662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DONGMEI TONG, ZHAOYUE SUN,
> *Petitioners,*

v.                                          16-2177
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Louis H. Klein, Flushing, NY.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; Mary Jane Candaux,
                          Assistant Director; Michael C.
                          Heyse, Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dongmei Tong and Zhaoyue Sun, natives and citizens of the People's Republic of China, seek review of a June 7, 2016, decision of the BIA affirming a March 13, 2015, decision of an Immigration Judge ("IJ") denying Tong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *Dongmei Tong, Zhaoyue Sun*, No. A205 240 661/662, (B.I.A. June 7, 2016), *aff'g* No. A205 240 661/662 (Immig. Ct. N.Y. City Mar. 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

---

[1] Sun sought asylum only as Tong's derivative beneficiary, and did not seek withholding of removal or CAT relief in his own right.

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's testimony, application, and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67 & n.2. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Significant inconsistencies regarding the timeline of Tong's prior marriage and her ex-husband's abuse provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295-96 (2d Cir. 2006) (holding that a single material inconsistency relating to central aspect of an asylum claim

3

provided substantial evidence for an adverse credibility determination).  For example, Tong's testimony that she first moved out in 2007 conflicted with a divorce certificate showing she and her ex-husband divorced in 2003.  And Tong's testimony that she did not see her ex-husband between 2004 and December 2007 conflicted with a letter from Tong's former classmate stating that he saw Tong after an incident of abuse in July 2007.

Tong testified that she was confused and unable to recall the exact dates of events.  While it is plausible that severe injuries and trauma from this abuse would affect Tong's ability to recall accurately the timeline of events, the agency reasonably rejected this explanation because Tong did not provide a medical or psychological evaluation to support it. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Although an asylum application need not include all the details of a claim, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), Tong's omission of details bolsters the adverse

4

credibility determination, particularly as she omitted a serious incident in which her husband threatened her with a gun, *see Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes).

The agency also reasonably concluded that Tong's corroborating evidence did not rehabilitate her credibility. She did not submit evidence to corroborate that her husband was a police officer, arrest records related to the 2010 incident, or medical records for her son to corroborate Tong's testimony that he also suffered abuse. *See Biao Yang*, 496 F.3d at 273. Tong's challenge to the agency's decision to give her medical records little weight is both unexhausted, *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring petitioner to raise issues to the BIA in order to preserve them for judicial review), and without merit. We generally "defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Here, the medical records related only to incidents from 2000 and were not authenticated or certified by the hospital.

5

Given Tong's inconsistent testimony regarding the timeline during which her abuse occurred, her omission of details concerning her abuse, and given her lack of reliable corroboration, the totality of the circumstances supports the adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *Xian Tuan Ye*, 446 F.3d at 295-96.  Because Tong's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of her claims for asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6